Aaron S. Halpern, Esq. (AH6100)
**THE JACOB D. FUCHSBERG LAW FIRM, LLP**
550 Fifth Avenue, 45 Floor
New York, NY 10110
(212)869-3500
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREG CHRISTIANO,<br><br>        Plaintiff,<br><br>   -against-<br><br>WILLIAM CONNOLLY, Superintendent of Downstate Correctional Facility, MARIO MALVAROSA, M.D.; ELLEN YOUSSEF, P.A., KIM YENGEL, R.N., PANDORA VOLPI, R.N.; RJ MUELLER, M.D., DAVID ROBINSON, M.D., KEVIN LAU, M.D., ST. MARY'S HEALTHCARE A/K/A ST. MARY'S HOSPITAL, 'HEALTH CARE PROVIDERS JANE AND JOHN DOE AT DOWNTATE CORRECTIONAL FACILITY 1-10',<br><br>        Defendants. | Civil Action No.<br><br>**COMPLAINT AND DEMAND FOR TRIAL BY JURY** |

Plaintiff Greg Christiano, by his attorneys, make this Complaint against Defendants, as above captioned:

### INTRODUCTION

1. Plaintiff Greg Christiano brings this suit under 42 U.S.C. § 1983 for violation of his rights under the Eighth and Fourteenth Amendments to the United States Constitution and New York Law for the willful failure and withholding of proper medical diagnosis, care and treatment which caused him to suffer cruel treatment while he remained a prisoner and in the custody of the New York State Department of Corrections.  Plaintiff Greg Christiano further brings this suit for negligence and professional malpractice in connection with the medical and nursing care

provided to him by each of the defendants.  As a direct result of the defendants' conduct, Greg Christiano suffered permanent and catastrophic injuries for which he now seeks relief.

## JURISDICTION

2.      This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 as raising a federal question under the Constitution of the United States of America and pursuant to 28 U.S.C. § 1343 as seeking relief pursuant to a civil right secured by an Act of Congress. The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over all other claims as they are related and form part of the same case or controversy.

## VENUE

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 as defendants reside in this District and a substantial part of the events giving rise to the claims occurred in this District.

## PARTIES

4.      Plaintiff Greg Christian is a citizen of the State of New York, residing at 673 Extension West Fulton Street, Gloversville, New York 12078.

5.      From in or about August 19, 2014 through on or about December 23, 2015, Plaintiff Gregory Christiano was incarcerated by the New York State Department of Corrections at several New York State prisons including Downstate Correctional Facility, located at 121 Red Schoolhouse Road, Fishkill, New York 12524 ("Downstate Correctional").

6.      Defendant William Connolly was during all times relevant to this action the Superintendent at Downstate Correctional located in Fishkill, New York, and an employee of the New York State Department of Corrections and/or Downstate Correctional during all times relevant to this action. He is sued in his official and individual capacities.

7.      Defendant Mario Malvarosa, M.D. was during all times relevant to this action a physician duly licensed to practice medicine in the State of New York, and an employee of the New York State Department of Corrections and/or Downstate Correctional.  Defendant Mario Malvarosa, M.D. treated incarcerated prisoners at Downstate Correctional, including the plaintiff Gregory Christiano, in Fishkill, New York.  Defendant Mario Malvarosa, M.D. is a resident of Poughkeepsie, New York.  He is sued in his official and individual capacities.

8.      Defendant Ellen Youssef, P.A. was during all times relevant to this action a physician assistant and licensed medical professional in the State of New York, and an employee of the New York State Department of Corrections and/or Downstate Correctional.  Defendant Ellen Youssef, P.A. treated incarcerated prisoners at Downstate Correctional, including the plaintiff Gregory Christiano, in Fishkill, New York.  Defendant Ellen Youssef, P.A. is a resident of Pleasant Valley, New York.  She is sued in his official and individual capacities.

9.      Defendant Kim Yengel, R.N., was during all times relevant to this action a registered nurse licensed to practice in the State of New York, and an employee of the New York State Department of Corrections and/or Downstate Correctional.  Defendant Kim Yengel, R.N. treated incarcerated prisoners at Downstate Correctional, including the plaintiff Gregory Christiano, in Fishkill, New York.  Defendant Kim Yengel, R.N. is a resident of Fishkill, New York.  She is sued in her official and individual capacities.

10.     Defendant Pandora Volpi, R.N., was during all times relevant to this action a registered nurse licensed to practice in the State of New York, and an employee of the New York State Department of Corrections and/or Downstate Correctional.  Defendant Pandora Volpi, R.N. treated incarcerated prisoners at Downstate Correctional, including the plaintiff Gregory

Christiano, in Fishkill, New York. Defendant Pandora Volpi, R.N. is a resident of Fishkill, New York. She is sued in her official and individual capacities.

11.     Defendant RJ Mueller, M.D. was during all times relevant to this action a physician duly licensed to practice medicine in the State of New York, and an employee of the New York State Department of Corrections and/or Downstate Correctional. Defendant RJ Mueller, M.D. treated incarcerated prisoners at Downstate Correctional, including the plaintiff Gregory Christiano, in Fishkill, New York. Upon information and belief, Defendant RJ Mueller, M.D. is a resident of Jamestown, New York. He is sued in his official and individual capacities.

12.     Defendant David Robinson, M.D., was during all times relevant to this action a physician duly licensed to practice medicine in the State of New York. David Robinson, M.D. treated incarcerated prisoners, including the plaintiff Gregory Christiano, at Defendant St. Mary's Healthcare a/k/a St. Mary's Hospital located in Essex County, New York. Defendant David Robinson, M.D. is a resident of Amsterdam, New York.

13.     Defendant Kevin Lau, M.D., was during all times relevant to this action a physician duly licensed to practice medicine in the State of New York. Kevin Lau, M.D., treated incarcerated prisoners, including the plaintiff Gregory Christiano, at Defendant St. Mary's Healthcare a/k/a St. Mary's Hospital located in Essex County, New York. Defendant Kevin Lau, M.D. is a resident of Amsterdam, New York.

14.     At all times relevant to this action, Defendant St. Mary's Healthcare a/k/a St. Mary's Hospital owned, operated, controlled and managed a hospital and/or health care facility pursuant to the laws of the State of New York for the care of the sick located at 427 Guy Park Avenue, Amsterdam, New York 12010, which provided personnel, including doctors, nurses, attendants and others for the care and treatment of its patients and which held itself out to the public as

- 4 -

furnishing treatment facilities where patients, including Gregory Christiano, could be treated for various ailments.

15.     Defendants 'Health Care Providers Jane and John Doe At Downstate Correctional Facility 1 – 10' are the fictitious names of persons still to be learned at Downstate Facility, in charge of the custody and medical care provided to plaintiff Gregory Christiano, whose identities and addresses are currently unknown.

STATEMENT OF FACTS

16.     On or about July 16, 2014, Plaintiff Gregory Christiano, then forty years of age and a prisoner at Fulton County Correctional Facility, was transferred to and presented to Defendant St. Mary's Healthcare a/k/a St. Mary's Hospital ("Defendant St. Mary's") for medical complaints that included pain, chest pain, cough and respiratory problems.

17.     During that presentation to Defendant St. Mary's, he was examined by Defendant David Robinson, M.D. ("Defendant Robinson") in the emergency department, who ordered various tests and X-rays of Gregory Christiano. The X-rays were  interpreted by Defendant Kevin Lau, M.D. ("Defendant Lau") (Defendant St. Mary's, Defendant Robinson and Defendant Lau sometimes collectively "St. Mary's Defendants").

18.     Defendant Lau noted in X-ray impression(s) in relevant portion: "Prominent cavitary left lower lobe pneumonia with or without abscess.  An underlying mass is not excluded. Consider CT."

19.     The St. Mary's Defendants did not admit Gregory Christiano, but instead discharged Gregory Christiano on that day with a diagnosis of pneumonia and with an antibiotic, without performing a CT Scan or any further evaluation.  Gregory Christiano was transferred back to Fulton County Correctional Facility where he was a prisoner at the time.

20.     On or about August 19, 2014 Gregory Christiano was transferred to Downstate Facility from Fulton County Correctional Facility where he remained a prisoner and in the custody of the New York State Department of Corrections until his release on or about December 23, 2015.

21.     Plaintiff Gregory Christiano was a prisoner with the New York State Department of Corrections at several different prisons including Downstate Facility from on or about August 19, 2014 through on or about December 23, 2015.

22.     Upon his transfer to and arrival at Downstate Facility, he was examined by health care professionals, physicians, physician assistants and nurses, including defendants  Mario Malvarosa, M.D., Ellen Youssef, P.A., Kim Yengel, R.N., Pandora Volpi, R.N., RJ Mueller, M.D., and healthcare professionals whose identities are not known and for purposes of this Complaint are identified as "Heath Care Providers Jane and John Doe at Downstate Correctional Facility 1-10" (sometimes collectively "the Downstate Defendants").

23.     Based upon their examination of Gregory Christiano when he first became a prisoner at Downstate Facility from on or about August 19, 2014, the Downstate Defendants confirmed that Gregory Christiano was suffering severe back pain, which required immediate evaluation, testing, diagnostic testing and treatment.

24.     While in the Downstate Defendants' custody, Gregory Christiano pleaded for treatment for his worsening pain but was denied such evaluation, testing and treatment.  Significantly, Gregory Christiano's had complained of worsening pain notwithstanding pain medications.

25.     Gregory Christiano's medical examination and records established and was consistent with a diagnosis that he was suffering a severe spinal infection and spinal disease that required immediate medical attention and treatment but which the Downstate Defendants' refused to provide him with.

26.     Notwithstanding the foregoing, the Downstate Defendants failed and refused to provide Gregory Christiano with the care and treatment he needed.  Moreover, defendants failed to timely perform diagnostic and laboratory tests which had been ordered which tests would have diagnosed his serious medical condition which required immediate evaluation and treatment.

27.     In particular, Gregory Christiano complained to the Downstate Defendants' about worsening back pain multiple times every day from August 19, 2014 for which he was denied proper medical care and treatment which resulted in his spinal infection worsening.

28.     After pleading for medical treatment for his worsening "severe back pain" from August 19, 2014, a full physical examination, laboratory testing as well diagnostic testing including, upon information and belief, X-Rays, EKG's and MRIs, were first ordered by the Downstate Defendants on August 22, 2014.  Notwithstanding the severity of his medical complaints, and his pleading for medical attention, these ordered medical exams and tests were never performed or carried out.

29.     Gregory Christiano's medical complaints continued to worsen.  His back pain, which was noted to be "severe" was never properly evaluated or treated notwithstanding the Downstate Defendants having knowledge of his complaints and worsening condition.

30.     By August 24, 2014, his back pain was noted to have worsened and included complaints of lower back pain including pain to the mid-back, and that pain killers were "not working well."

31.     Gregory Christiano continued to complain continuously to the Downstate during the days that followed of worsening pain in his back, and plead for medical care which medical care and treatment was never provided.

32.     By August 28, 2014, his condition continued to deteriorate, and the onset of additional symptoms and complaints were noted that included muscle spasms and loss of bowel control.  A

Request and Report of Consultation by the Downstate Defendants notes in relevant portion: "40 Y/O MALE C/O NUMBNESS IN BOTH LOWER EXTREMITIES . . . F/U WAS ORDERED BUT NEVER DONE. PT HAS HYPERREFELIVE DTR'S IN HIS LE'S AND GIVES H/O LOSS OF COTROL OF HIS BOWELS LAST NIGHT." Notwithstanding the Downstate Defendants being aware of Mr. Christiano's deteriorating and serious medical condition, he was denied proper medical treatment, and was not transferred to a medical hospital for evaluation or treatment.

33.     From August 29, 2014 through September 10, 2014, Gregory Christiano continued to complain to the Downstate Defendants and request medical care and treatment for his deteriorating and extremely painful medical condition which the Downstate Defendants noted to include pains of "electric jolts" from his back and severe back pain for which pain medications were not effective.

34.     It was not until September 10, 2014 when the Downstate Defendants first transferred Gregory Christinao for medical care to Westchester Medical Center to treat his medical condition. By the time the Downstate Defendants initiated the transfer, Gregory Christiano was essentially paralyzed and had a life-threatening spinal infection which required extensive and complicated surgery, which diagnosis included "T6-T7 osteomyelitis with collapse of the vertebral body, diskitis with kyphosis and epidural collection compressing the spinal cord, T6 loss of sensation below the T6 level as well as weakness in both legs with bowel and bladder impairment."

35.     Notwithstanding the extensive surgery he had to undergo, Gregory Christiano suffers from paralysis and paraplegia, which condition is permanent. These catastrophic injuries he suffers from are permanent, and were caused as direct result of defendants' ignoring his medical

- 8 -

condition and complaints, and their failure to provide timely and appropriate medical diagnosis, care and treatment.

36.     After the surgery, Gregory Christiano was discharged to the Downstate Correctional Facility where he remained a prisoner and in the custody of the New York State Department of Corrections until his release on or about December 23, 2015.  He continued to receive care with regard to his spinal disease and catastrophic injuries throughout the period he remained a prisoner and in the custody of the New York State Department of Corrections.

37.     The Downstate Defendants' willful failure and withholding of proper medical diagnosis, care and treatment with regard to Gregory Christiano's spinal disease and infection caused him to suffer cruel treatment including severe back pain, spinal disease, spinal infection that ultimately resulted in an irreversible and catastrophic spinal injury causing him permanent paralysis.

38.     The Downstate Defendants were adequately informed of Gregory Christiano's condition and treatment information was available but the Downstate Defendants displayed deliberate indifference toward providing treatment.

39.     The Downstate Defendants knew and consciously disregarded that patients who suffered from severe and worsening back pain and ultimately loss of bowel function that was not resolved with pain medication and muscle relaxants were in need of urgent medical evaluation, testing, diagnosis and treatment, and that unless he timely received of said medical care, was in severe risk of serious injury including death.

40.     The Downstate Defendants knew and consciously disregarded that Gregory Christiano had serious medical complaints consistent with worsening spinal infection and spinal disease and was in need of urgent medical assessment, care, diagnosis and treatment.

41.     Gregory Christiano pleaded for medical attention and treatment for this condition but the Downstate Defendants denied same.  This included Downstate Defendants ignoring their own medical notes, examinations and orders with regard to Gregory Christiano's medical care that demonstrated persistent worsening pain that was not resolved with pain medication, and that objective medical provider(s) recommended immediate evaluation which was ignored and not headed to.

42.     To that end, the Downstate Defendants failed and refused to provide Gregory Christiano with the medical care and treatment he urgently needed and pleaded for.

43.     Moreover, the Downstate Defendants were adequately informed of Gregory Christiano's condition and treatment information that was available but displayed deliberate indifference toward providing treatment.

44.     As a matter of both State and Federal law, the Downstate Defendants had an absolute non-delegable duty to see that prisoners in their custody receive adequate medical treatment.

45.     The Eighth Amendment to the Constitution of the United States of America prohibits the infliction of "cruel and unusual punishments" on those arrested and awaiting trial or those convicted of crimes, including punishments that "involve the unnecessary and wanton infliction of pain."

46.     The Downstate Defendants at Downstate Correctional were also negligent in the medical care and treatment that was rendered to prisoners in their custody, including Gregory Christiano, thereby contributing to his serious injuries.

47.     The Downstate Defendants,  are individuals having final policy-making authority whose decisions contributed to Downstate Correctional's policy, practice or custom of deliberate

indifference to the medical well being of prisoners in Downstate Correctional's custody,

including Gregory Christiano, thus contributing to the serious injuries of Gregory Christiano.

48.     The Downstate Defendants had the ability to change said policies, practices and

procedures but through deliberate indifference did not do so although understanding that there

existed an excessive risk to inmate safety and health.

49.     The Downstate Defendants were in immediate charge of the custody and treatment  as

well as medical care provided Gregory Christiano, were responsible for the immediate care and

medical treatment provided to Gregory Christiano and directly carried out Downstate

Correctional's policies, practices or customs, which altogether caused the infliction of

unconscionable pain and suffering to him.

50.     The Downstate Defendants violated and/or failed to comply with State statutes regarding

the rights and welfare of inmates.

51.     The conduct by the Downstate Defendants demonstrated a plain disregard of an excessive

risk to health or safety, and the Downstate Defendants were aware of facts from which the

inference could be drawn that a substantial risk of serious harm existed to prisoners in need of

serious medical care, including the plaintiff.

52.     The conduct by the Downstate Defendants demonstrates a deliberate indifference to the

infliction of unnecessary and wanton pain upon the plaintiff.

53.     The Downstate Defendants violated the Eighth Amendment prohibiting the infliction of

"cruel and unusual punishments" on those convicted of crimes, or who as in this case were

merely under arrest, including punishments that "involve the unnecessary and wanton infliction

of pain."

### FIRST COUNT
### (Deprivation of Civil Rights Pursuant to 42 U.S.C. § 1983 as
### Against the Downstate Defendants)

54.     Plaintiff repeats and realleges each every one of the preceding allegations contained in this Complaint.

55.     The Downstate Defendants, under the color of State law, acting through individuals with final policymaking authority, pursued a policy, practice, or custom demonstrating decisions and/or deliberate indifference that allowed for the repeated denial of adequate medical treatment to inmates of Downstate Correctional with serious medical needs.

56.     These acts or omissions resulted in the deprivation of Gregory Christiano's federal constitutional and statutory rights.

57.     This conduct contributed to the conscious pain and suffering of Gregory Christiano, and to his permanent and catastrophic injuries.

58.     The Downstate Defendants were each working for Downstate Correctional and/or the New York State Department of Corrections under the color of State law, made decisions and/or exercised deliberate indifference that contributed to the Downstate Correctional's policy, practice or custom of placing the medical well being of prisoners in the Downstate Correctional's custody at serious risk of harm.

59.     These acts or omissions resulted in the deprivation of Gregory Christiano's federal constitutional and statutory rights.

60.     This conduct contributed to the conscious pain and suffering of Gregory Christiano, and to his permanent and catastrophic injuries

61.     The Downstate Defendants were in immediate charge of the custody and treatment as well as medical care provided to Gregory Christiano, and were working for Downstate

Correctional and/or the New York State Department of Corrections under the color of State law, were responsible for the immediate care and medical treatment provided to Gregory Christiano while he was incarcerated, and directly carried out Downstate Correctional's policies, practices or customs of deliberate indifference to the medical well being of prisoners in the Downstate Correctional's custody thereby placing them at serious risk of harm.

62.     These acts or omissions resulted in the deprivation of Gregory Christiano's federal constitutional and statutory rights.

63.     This conduct contributed to the conscious pain and suffering of Gregory Christiano, and to his permanent and catastrophic injuries.

64.     As a result of the foregoing, plaintiff Gregory Christiano is entitled to relief from the Downstate Defendants, all of whom are responsible for the deprivation of his civil rights pursuant to 42 U.S.C. § 1983 *et seq.*

## SECOND COUNT
### (Common Law Medical Malpractice as Against the Downstate Defendants)

65.     Plaintiff repeats and realleges each every one of the preceding allegations contained in this Complaint.

66.     At all pertinent times, the Downstate Defendants were each physicians, physician assistants, nurses and medical professionals duly licensed to practice in the State of New York.

67.     At all pertinent times, the Downstate Defendants held each of themselves out to the prisoners incarcerated and in the custody of the New York State Department of Corrections, and in particular plaintiff Gregory Christiano, as physicians, physician assistants, nurses and medical professionals offering professional services and medical care and treatment.

68.     At all pertinent times, each of the Downstate Defendants stood in such a relationship with each of them in their care and treatment of plaintiff Gregory Christiano as to make each of the Downstate Defendants liable for the acts and omissions for the Downstate Defendants with regard to their care, diagnosis and treatment, including medical care and nursing care, rendered to Gregory Christiano.

69.     From on or about August 19, 2014 through December 23, 2015, and prior and subsequent thereto, including from August 19, 2014 through September 10, 2014, plaintiff Gregory Christiano sought the professional care of the Downstate Defendants for certain medical complaints, including, but not limited to, severe and progressively worsening back pain, spinal disease and spinal infection, and these defendants, their agents, servants, and employees rendered medical and nursing care, diagnosis, treatment, and services to plaintiff Gregory Christiano.

70.     The above medical and nursing care, diagnosis, treatment and services were rendered carelessly, unskillfully, negligently, by the Downstate Defendants, and not in accordance with accepted standards of medical and nursing care, diagnosis, treatment and services in the community as the standards existed at the time.

71.     By reason of the above, plaintiff Gregory Christiano, sustained great pain, agony, injury, suffering, disability, hospitalization, as well as mental anguish and emotional distress.

72.     This action falls within one or more of the exceptions set forth in CPLR 1602, and as such the defendants are jointly and severally liable pursuant to the exceptions set forth in Article 16 of the CPLR.

73.     Pursuant to CPLR Section 1602 (2) (iv), defendants are jointly and severally liable for all of plaintiff Gregory Christiano damages, including but not limited to her non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that defendants owed plaintiff Gregory Christiano a non-delegable duty of care.

74.     Pursuant to CPLR Section 1602(2)(iv), defendants are jointly and severally liable for all of plaintiff Gregory Christiano's damages, including but not limited to her non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that said defendants are vicariously liable for the negligent acts and omissions of its servants, agents, affiliated physicians, surgeons and/or employees.

75.     Pursuant to CPLR Section 1602(7), defendants are jointly and severally liable for all of plaintiff Gregory Christiano's damages, including but not limited to her non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that said defendants acted with reckless disregard for the safety of others.

### THIRD COUNT
### (Common Law Negligent Hiring as Against the Downstate Defendants)

76.     Plaintiff repeats and realleges each every one of the preceding allegations contained in this Complaint.

77.     The Downstate Defendants were negligent in hiring and supervising medical personnel who were careless, unskillful, negligent, and who did not possess the requisite knowledge and skill of medical professionals in the community.

78.     By reason of the above, plaintiff Gregory Christiano sustained great pain, agony, injury, suffering, disability, hospitalization, as well as mental anguish and emotional distress.

79.     This action falls within one or more of the exceptions set forth in CPLR 1602, and as such the defendants are jointly and severally liable pursuant to the exceptions set forth in Article 16 of the CPLR.

80.     Pursuant to CPLR Section 1602 (2) (iv), defendants are jointly and severally liable for all of plaintiff Gregory Christiano's damages, including but not limited to her non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that defendants owed plaintiff Gregory Christiano a non-delegable duty of care.

81.     Pursuant to CPLR Section 1602(2)(iv), defendants are jointly and severally liable for all of plaintiff Gregory Christiano's damages, including but not limited to her non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that said defendants are vicariously liable for the negligent acts and omissions of its servants, agents, affiliated physicians, surgeons and/or employees.

82.     Pursuant to CPLR Section 1602(7), defendants are jointly and severally liable for all of plaintiff Gregory Christiano's damages, including but not limited to her non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that said defendants acted with reckless disregard for the safety of others.

### FOURTH COUNT
### (Common Law Negligence as Against the Downstate Defendants)

83.     Plaintiff repeats and realleges each every one of the preceding allegations contained in this Complaint.

84.     Each of the Downstate Defendants were negligent in the care and treatment rendered to Gregory Christiano.

85.     As a result of the foregoing Gregory Christiano sustained conscious pain and suffering, and permanent and catastrophic injury.

## FIFTH COUNT
## (Common Law Medical Malpractice as Against the St. Mary's Defendants)

86.     Plaintiff repeats and realleges each every one of the preceding allegations contained in this Complaint.

87.     Defendant Kevin Lau, M.D., was during all times relevant to this action a physician duly licensed to practice medicine in the State of New York. Kevin Lau, M.D., treated incarcerated prisoners, including the plaintiff Gregory Christiano, at Defendant St. Mary's Healthcare a/k/a St. Mary's Hospital located in Essex County, New York. Defendant Kevin Lau, M.D. is a resident of Amsterdam, New York.

88.     At all times relevant to this action, Defendant St. Mary's owned, operated, controlled and managed a hospital and/or health care facility pursuant to the laws of the State of New York for the care of the sick located at 427 Guy Park Avenue, Amsterdam, New York 12010, which provided personnel, including doctors, nurses, attendants and others for the care and treatment of its patients and which held itself out to the public as furnishing treatment facilities where patients, including Gregory Christiano, could be treated for various ailments.

89.     Defendant St. Mary's provided personnel, including doctors, nurses, attendants and others for the care and treatment of its patients and which held itself out to the public as furnishing treatment facilities where patients, including plaintiff Gregory Christiano, could be treated for various ailments.

90.     At all pertinent times, Defendant St. Mary's was a professional corporation organized and existing under the laws of the State of New York.

91.     At all pertinent times, Defendant Robinson was a physician duly licensed to practice medicine in the State of New York.

92.     At all pertinent times, Defendant Robinson held himself out to the general public, and in particular plaintiff Gregory Christiano, as a physician offering professional services and medical care and treatment.

93.     At all pertinent times, Defendant Robinson was an employee of Defendant St. Mary's.

94.     At all pertinent times, Defendant Robinson was an agent of Defendant St. Mary's.

95.     At all pertinent times, Defendant Robinson was an independent contractor under the supervision and control of Defendant St. Mary's.

96.     At all pertinent times, Defendant Lau was a physician duly licensed to practice medicine in the State of New York.

97.     At all pertinent times, Defendant Lau held himself out to the general public, and in particular plaintiff Gregory Christiano, as a physician offering professional services and medical care and treatment.

98.     At all pertinent times, Defendant Lau was an employee of Defendant St. Mary's.

99.     At all pertinent times, Defendant Lau was an agent of Defendant St. Mary's.

100.    At all pertinent times, Defendant Lau was an independent contractor under the supervision and control of Defendant St. Mary's.

101.    At all pertinent times, Defendant Robinson stood in such a relationship with Defendant Lau and Defendant St. Mary's in their care and treatment of plaintiff Gregory Christiano as to make Defendant Robinson liable for the acts and omissions for Defendant Lau and Defendant St. Mary's.

102.    At all pertinent times, Defendant Lau stood in such a relationship with Defendant Robinson and Defendant St. Mary's in their care and treatment of plaintiff Gregory Christiano as to make Defendant Lau liable for the acts and omissions for Defendant Robinson and Defendant St. Mary's.

103.    At all pertinent times, Defendant St. Mary's stood in such a relationship with Defendant Robinson and Defendant Lau in their care and treatment of plaintiff Gregory Christiano as to make Defendant St. Mary's liable for the acts and omissions for Defendant Robinson and Defendant Lau.

104.    From on or about July 16, 2014, and prior and subsequent thereto, plaintiff Gregory Christiano sought the professional care of the St. for certain medical complaints, including, but not limited to, severe back pain, spinal disease and spinal infection, and these defendants, their agents, servants, and employees rendered medical and nursing care, diagnosis, treatment, and services to plaintiff Gregory Christiano.

105.    The above medical and nursing care, diagnosis, treatment and services were rendered carelessly, unskillfully, negligently, by the St. Mary's Defendants, and not in accordance with accepted standards of medical and nursing care, diagnosis, treatment and services in the community as the standards existed at the time.

106.    By reason of the above, plaintiff Gregory Christiano, sustained great pain, agony, injury, suffering, disability, hospitalization, as well as mental anguish and emotional distress.

107.    This action falls within one or more of the exceptions set forth in CPLR 1602, and as such the defendants are jointly and severally liable pursuant to the exceptions set forth in Article 16 of the CPLR.

108.    Pursuant to CPLR Section 1602 (2) (iv), defendants are jointly and severally liable for all of plaintiff Gregory Christiano damages, including but not limited to her non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that defendants owed plaintiff Gregory Christiano a non-delegable duty of care.

109.    Pursuant to CPLR Section 1602(2)(iv), defendants are jointly and severally liable for all of plaintiff Gregory Christiano's damages, including but not limited to her non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that said defendants are vicariously liable for the negligent acts and omissions of its servants, agents, affiliated physicians, surgeons and/or employees.

110.    Pursuant to CPLR Section 1602(7), defendants are jointly and severally liable for all of plaintiff Gregory Christiano's damages, including but not limited to her non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that said defendants acted with reckless disregard for the safety of others.

SIXTH COUNT
**(Common Law Negligent Hiring as Against the St. Mary's Defendants)**

111.    Plaintiff repeats and realleges each every one of the preceding allegations contained in this Complaint.

112.    The St. Mary's Defendants were negligent in hiring and supervising medical personnel who were careless, unskillful, negligent, and who did not possess the requisite knowledge and skill of medical professionals in the community.

113.    By reason of the above, plaintiff Gregory Christiano sustained great pain, agony, injury, suffering, disability, hospitalization, as well as mental anguish and emotional distress.

114.    This action falls within one or more of the exceptions set forth in CPLR 1602, and as such the defendants are jointly and severally liable pursuant to the exceptions set forth in Article 16 of the CPLR.

115.    Pursuant to CPLR Section 1602 (2) (iv), defendants are jointly and severally liable for all of plaintiff Gregory Christiano's damages, including but not limited to her non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that defendants owed plaintiff Gregory Christiano  a non-delegable duty of care.

116.    Pursuant to CPLR Section 1602(2)(iv), defendants are jointly and severally liable for all of plaintiff Gregory Christiano's damages, including but not limited to her non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that said defendants are vicariously liable for the negligent acts and omissions of its servants, agents, affiliated physicians, surgeons and/or employees.

117.    Pursuant to CPLR Section 1602(7), defendants are jointly and severally liable for all of plaintiff Gregory Christiano's damages, including but not limited to her non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that said defendants acted with reckless disregard for the safety of others.

### SEVENTH COUNT
### (Common Law Negligence as Against the St. Mary's Defendants)

118.    Plaintiff repeats and realleges each every one of the preceding allegations contained in this Complaint.

119.    Each of the St. Mary's Defendants were negligent in the care and treatment rendered to Gregory Christiano.

120.    As a result of the foregoing Gregory Christiano sustained conscious pain and suffering, and permanent and catastrophic injury.

## PLAINTIFFS' RIGHT TO PUNITIVE DAMAGES

121.    The egregious circumstances that surround the treatment of Gregory Christiano while he was a prisoner and in the custody of the Downstate Defendants and the New York State Department of Corrections justify an award of punitive damages.

122.    The Downstate Defendants' custom, policy and practice of deliberate indifference and/or the direct refusal to provide necessary medical constitutes willful or malicious violation of plaintiff decedents' constitutional, statutory and civil rights.

## JURY DEMAND

Plaintiffs demand a trial by jury.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff Gregory Christiano demands judgment be entered in her favor and against the Defendants as follows:

## ON THE FIRST COUNT:

Plaintiff Gregory Christiano prays for judgment awarding:

a.  Compensatory damages for personal injuries, conscious pain and suffering, loss of enjoyment of life, and economic damages, both general and special, medical, hospital and related costs and lost wages and/or income;

b.  Punitive damages;

c.  Interest; and

d.  Costs and attorneys fees incurred in this civil litigation, together with such other and further relief at law or in equity that this Court deems just and proper.

**ON THE SECOND THROUGH SEVENTH COUNTS:**

Plaintiff Gregory Christiano prays for judgment awarding:

a. Compensatory damages for personal injuries, conscious pain and suffering, loss of enjoyment of life, and economic damages, both general and special, medical, hospital and related costs and lost wages and/or income;

b. Interest; and

c. Costs and attorneys fees incurred in this civil litigation, together with such other and further relief at law or in equity that this Cour t deems just and proper.

Dated: New York, New York
December 9, 2016

Respectfully submitted,
THE JACOB D. FUCHSBERG LAW FIRM, LLP

By: _____

Aaron Seth Halpern (AH6100)
Attorneys for Plaintiff
Office and P.O. Address
500 Fifth Avenue, 45th Floor
New York, New York 10110
(212) 869-3500

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

GREG CHRISTIANO,

                              Plaintiff,

            -against-

WILLIAM CONNOLLY, Superintendent of Downstate
Correctional Facility, MARIO MALVAROSA, M.D.;
ELLEN YOUSSEF, P.A., KIM YENGEL, R.N.,
PANDORA VOLPI, R.N.; RJ MUELLER, M.D., DAVID
ROBINSON, M.D., KEVIN LAU, M.D., ST. MARY'S
HEALTHCHARE A/K/A ST. MARY'S HOSPITAL,
'HEALTH CARE PROVIDERS JANE AND JOHN DOE
AT DOWNTATE CORRECTIONAL FACILITY 1-10',

                              Defendants.

Civil Action No.


**CERTIFICATE OF MERIT**

AARON S. HALPERN, the undersigned, an attorney admitted to practice in the Courts of

New York State, states that he is an associate with The Jacob D. Fuchsberg Law Firm, LLP, attorneys

for the plaintiffs in the within action.  I have reviewed the facts of this case and have consulted with

at least one physician who is licensed to practice in this State or any other state and who I reasonably

believe is knowledgeable in the relevant issues involved in this action, and I have concluded on the

basis of such review and consultation that there is a reasonable basis for the commencement of this

action.

Dated:        New York, New York
              December 9, 2016

                        By:
                        Aaron Seth Halpern (AH6100)
                        Attorneys for Plaintiff
                        Office and P.O. Address
                        500 Fifth Avenue, 45th Floor
                        New York, New York 10110
                        (212) 869-3500

- 24 -